14090

STALNAKER v. SOUTHERN RY. COMPANY *ET AL.*

(180 S. E., 357)

*Mr. L. D. Jennings,* for appellant,

*Messrs. Tompkins & Tompkins* and *Lee & Moise,* for respondents,

June 12, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action commenced in the Court of Common Pleas for Sumter County December 12, 1933, is a suit by J. W. Stalnaker, as plaintiff, against the defendants, Southern Railway Company and J. H. Meredith, for recovery of judgment in the sum of $15,000.00, on account of alleged injuries sustained by the plaintiff while a passenger on the train of the defendant, Southern Railway Company, on the 29th day of November, 1933, due to the alleged negligence of the defendant in not giving to the plaintiff as such passenger at said time and place the proper protection against the assaults of other parties on the said train.

In connection with the acts of wrong charged in his complaint against the defendants, the plaintiff alleges, in effect, that he was on said date, November 29, 1933, a passenger from Columbia, S. C., to Ninety Six S. C., on one of the trains of the defendant. Southern Railway Company, and that the defendant J. H. Meredith was conductor in charge of said train. It is further alleged by the plaintiff that on several occasions prior to November 29, 1933, groups of men and boys from a government camp boarded said train of the defendant Southern Railway Company at Alston, S. C., who were under the influence of liquor and were in a boisterous and rowdy condition and continued to drink on the train and also continued to be boisterous and rowdy, all of which the defendants knew, but took no precaution to protect the plaintiff and other passengers; that on the 29th day of November, 1933, a similar group boarded said train at the same station, Alston, S. C., in a drunken and rowdy condition; that the plaintiff went to the smoker on said train, lay down on a couch and fell asleep; while asleep he was awakened by blows in his face from some one, and just as he was awakened he saw some one strike him in the face and, just then, another person caught him around the arms from the back; that the party who was beating him and the party who "grabbed" him around the arms "were some of those" who had gotten on board at Alston, S. C. The plaintiff further alleges that he was severely injured by the said assault and that the defendants took no precaution to protect him.

In their answer the defendants interposed a general denial to the allegations of the complaint, and also set up the defense that the plaintiff "was himself wilful, wanton, reckless, careless, negligent, and grossly negligent, in that he boarded the train in question having in his possession a poisonous and venomous snake, and that said snake was permitted to escape from captivity, so as to terrify other passengers, and

that the plaintiff, by words and actions, invited and incited assaults from other passengers."

Issues being joined, the case was tried in the Court of Common Pleas for Sumter County before his Honor, Judge G. Dewey Oxner, and a jury, resulting in an order of non-suit, granted on motion of defendants' counsel. From said order of nonsuit the plaintiff has appealed to this Court.

It is the contention of the appellant that the exceptions presented on the appeal raised the following questions:

"1. Was his Honor in error in granting the defendants' motion for a non-suit upon the ground that there was no evidence showing any breach of duty on the part of the Railroad Company to the plaintiff?

"2. Was his Honor in error in holding that there was no testimony going to prove negligence on the part of the defendants?"

The order of nonsuit granted by the trial Judge was, in effect, based upon the ground that the plaintiff failed to prove any breach of duty on the part of the defendants due the plaintiff, which caused the alleged injury to the plaintiff; that there was no evidence of negligence on the part of the defendants which caused plaintiff's alleged injury.

It would serve no useful purpose to quote or discuss herein the evidence in the case adduced at the trial, but we deem it sufficient to state that, having studied the entire record and given careful consideration to all of the testimony adduced at the trial, we are of the opinion that his Honor, Judge G. Dewey Oxner, reached the right conclusion in the case.

It is therefore the judgment of this Court that the exceptions be, and are hereby, overruled, and the order of nonsuit affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER, and FISHBURNE, concur.